_L¡WALTZER, J.,
concurring with reasons.
I respectfully concur in the majority’s result.
It is important, I believe, to make clear that although LSA-C.C.P. art. 3663 removes the requirement that plaintiff demonstrate irreparable harm, a plaintiff seeking injunctive relief in a case involving recognition of a real right has nonetheless the burden of proving a prima facie case. In this case, Chotin has done so.
Furthermore, the majority has applied LSA-C.C.P. arts. 3658 and 3660 to the petitory action. These articles refer to the possessory action, not to the petitory action.
Likewise, the majority’s reference to LSA-C.C. arts. 3425, 3427, 3431, 3437, 3439 and 3476 is inapplicable to the case at bar. These articles refer to the requirements for possession in the context of proving acquisitive prescription. Neither plaintiff nor defendant has made an argument concerning acquisitive prescription.
With respect to the defendant’s reliance on its purported quit claim, I note that defendant failed to observe the formalities of transfer of the title to an immovable, specifically with respect to the public records doctrine. The ownership of an immovable is voluntarily transferred by a contract between the owner and the transferee that purports to transfer the ownership of the immovable. The transfer, | Pby an act translative of title, takes place against third persons only when the contract is filed for registry in the conveyance records of the parish in which the immovable is located. LSA-C.C. art 517.